UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT ARCELUS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MARGARET MIMMS,<br><br>　　　　Defendant. | 1:15-cv-01783-EPG-PC<br><br>ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH COURT ORDER<br>(ECF No. 4.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

　　　　Michael Scott Arcelus ("Plaintiff") is a civil detainee proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 30, 2015. (ECF No. 1.)

　　　　On January 28, 2016, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

　　　　On December 5, 2015, the Court issued an order requiring Plaintiff to submit a non-prisoner application to proceed *in forma pauperis*, or pay the $400.00 filing fee for this action, within thirty days. (ECF No. 4.) The thirty-day time period expired, and Plaintiff failed to comply with the Court's order or otherwise respond to the order.

On February 8, 2016, the Court issued an order to show cause, requiring Plaintiff to respond within thirty days showing cause why this case should not be dismissed based on his failure to comply with the Court's order of December 5, 2015. (ECF No. 7.) Plaintiff was forewarned in the order to show cause that his failure to respond as required would result in the dismissal of this case. (Id. at 3 ¶2.) The thirty-day time period has expired, and Plaintiff has not filed a response to the order to show cause or otherwise respond to the order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since November 30, 2015. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by resolving the payment of the filing fee for his lawsuit. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the Court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee for this action, making monetary sanctions of little use, and given the early stage of

these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

Accordingly, **IT IS HEREBY ORDERED** that:

1. This action is DISMISSED, without prejudice, based on Plaintiff's failure to obey the Court's order of December 4, 2015; and

2. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 1, 2016**                           /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE